IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBERT MORRIS #1311083 | § | |
| v. | § | CIVIL ACTION NO. 6:14cv54 |
| SHERRI MILLIGAN, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Robert Morris, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Morris named TDCJ officers Sherri Milligan, Elizabeth Cross, and Robert Becraft.

Morris filed a previous lawsuit, cause no. 6:09cv236, against various prison officials, including Milligan, Cross, and Becraft. While this lawsuit was pending, on January 14, 2010, Morris claims these three officers retaliated against him by seizing his legal and personal property.

On February 2, 2010, Morris sought to amend cause no. 6:09cv236 to add the incident of January 14. An evidentiary hearing was conducted on February 11, 2010. At this hearing, Morris acknowledged that he had not exhausted his administrative remedies for the January 14 incident. On February 1, 2011, the district court entered final judgment in cause no. 6:09cv236; this final judgment specified that the case was dismissed with prejudice with the exception that Morris' claims concerning the January 14 incident would be dismissed without prejudice.

On appeal, the Fifth Circuit affirmed the decision of the district court. Morris v. Cross, 476 Fed.Appx. 783, 2012 WL 1557341 (5th Cir., May 3, 2012). In so doing, the Fifth Circuit specifically

1

held that because Morris did not dispute that he had not exhausted his administrative remedies concerning the January 14 incident, the district court did not err in dismissing these claims without prejudice. Morris sought a writ of certiorari from the U.S. Supreme Court, which was denied, and rehearing of that denial, which was itself denied.

The present lawsuit concerns the January 14, 2010 incident. Morris argues that his lawsuit should not be barred by limitations because the prior case did not become final until the Supreme Court denied rehearing on January 14, 2013, and the limitations period should not begin to run until that date. He also states that while deciding whether to seek certiorari, he filed a lawsuit in state court concerning the same incident. The state court lawsuit was dismissed as time-barred without a ruling on the merits; Morris states that he appealed this decision, but was denied by the Texas Supreme Court on September 13, 2013. Morris contends that the limitations period should be tolled while his state and federal lawsuits were pending, rendering the present lawsuit timely.

## The Defendants' Motion to Dismiss

The Defendants were served with process and filed a motion to dismiss arguing that the present lawsuit is barred by the statute of limitations. They argue that equitable tolling does not apply because there were no extraordinary circumstances preventing Morris from filing his new complaint. There were no administrative proceedings which would toll the statute and the prior lawsuit was dismissed on February 1, 2011, as against Milligan and Cross. The Defendants assert that nothing prevented Morris from seeking redress between the date this lawsuit was dismissed and January 14, 2012, when the two-year limitations period expired. Finally, the Defendants maintain that the claims against Becraft were dismissed with prejudice in the prior case on September 14, 2010.

## Morris' Response to the Motion to Dismiss

In his response to the motion to dismiss, Morris again claims that his appeals process was completed on January 14, 2013, when the Supreme Court denied his motion for rehearing, and the limitations period should begin to run on that date. He says that he exhausted his administrative

2

remedies on the January 14, 2010 incident on March 31, 2010. Morris contends that the limitations period should be tolled because it is obvious that he diligently pursued his rights; he claimed in the prior case that the January 14 incident was part of a continuing act of harassment and retaliation, and when the district court disagreed, Morris raised this specific issue on direct appeal and in seeking certiorari review.

Morris also asserts that Texas courts have held that tolling is permissible during the pendency of an appeal of an underlying case and that had he filed a separate lawsuit while his appeal was pending, complications could have arisen had he prevailed in the Fifth Circuit or the Supreme Court. He also argues that it was a different claim against Becraft which was dismissed with prejudice and that all of the claims concerning the January 14, 2010 incident were dismissed without prejudice.

## The Magistrate Judge's Report

After review of the pleadings, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted and that the lawsuit be dismissed. According to the Magistrate Judge, Texas law provides that if a person is *prevented* from exercising his legal remedy by the pendency of legal proceedings, the time during which he was thus prevented should not be counted against him in determining whether the statute of limitations has barred his right. Slack v. Carpenter, 7 F.3d 418, 419 (5th Cir. 1993) (emphasis in original); Hughes v. Mahaney & Higgins, 821 S.W.2d 154, 157 (Tex. 1991).

In the present case, the Magistrate Judge concluded that the pendency of Morris' prior federal court case did not prevent him from exercising his remedy for the January 2010 claim in a separate proceeding because that claim was dismissed without prejudice. The fact that Morris tried to litigate that claim in his prior lawsuit despite knowing that he had not exhausted his administrative remedies does not show that he was prevented from exercising his legal rights in a separate lawsuit; on the contrary, the Magistrate Judge said, Morris' knowledge of his failure to exhaust - as he admitted at the evidentiary hearing - served to place him on notice that the proper place to litigate these claims was in a separate lawsuit once exhaustion had been attained.

3

Morris argued that under Texas law, tolling is permissible "during the pendency of the appeal of the underlying case," citing American Centennial Ins. Co. v. Canal Ins. Co., 843 S.W.2d 480 (Tex. 1992). However, that decision held that the limitations period is tolled when the viability of the second cause of action depends on the outcome of the first. That circumstance did not exist in this case. *See also* Lariscey v. Smith, 66 F.3d 323, 1995 WL 535010 (5th Cir., August 18, 1995) (stating that under Texas law, tolling the statute of limitations based on the pendency of other legal proceedings "is unavailable unless the earlier proceeding's outcome is a necessary prerequisite to the filing of the suit in issue.")

The Magistrate Judge determined that the statute of limitations also was not tolled by Morris' previous state court lawsuit because that lawsuit sought a remedy which he need not have pursued. While Morris was correct in stating that the administrative remedies he had to pursue did toll the limitations period, these administrative remedies were completed on March 31, 2010, and the limitations period commenced to run at that time, expiring on March 31, 2012. Because Morris signed the present lawsuit on January 23, 2014, the Magistrate Judge concluded that this lawsuit is barred by the statute of limitations.

## Morris' Objections to the Report

In his objections to the Magistrate Judge's Report, Morris first argues, citing Walker v. Hanes, 570 S.W.2d 534, 540 (Tex.Civ.App.-Corpus Christi 1978), that limitations should be tolled while the prior submission of the same case was appealed. That case involved a will contest, and the Court of Civil Appeals held that the time during which the same case was pending during a prior appeal should not have been counted in determining whether the proponents of a second will served the beneficiaries of the first will within the limitations period. Here, by contrast, Morris is raising the same claim but it is not the same case, because the claim at issue was dismissed without prejudice in the initial action. This objection is without merit.

Next, Morris quotes the Ninth Circuit Court of Appeals, in a case involving a lawsuit for monetary damages for the failure to apply jail time credits to a sentence, as saying that "it would

4

hardly promote the goals of the Civil Rights Act of 1871 to twice deny prisoners a federal forum for §1983 complaints, once for being too early and once for being too late." Young v. Kenny, 907 F.2d 874, 878 (9th Cir. 1989), *overruled by* Heck v. Humphrey, 512 U.S. 477 (1994). That circumstance does not exist in this case. The raising of Morris' claim about the January 2010 incident in his first lawsuit was premature because he had not exhausted his administrative remedies, but he had ample time after completing the exhaustion process in which to refile this claim in a new case. This objection is without merit.

Finally, Morris argues that the federal court is not necessarily bound by the state's determination of when its statute of limitations is tolled when the question arises in a federal civil rights action, citing Kaiser v. Cahn, 510 F.2d 282, 287 (2nd Cir. 1974). The Fifth Circuit has applied this principle in "exceptional situations in which state statutes of limitations eradicate rights or frustrate policies created by federal law." Rodriguez v. Holmes, 963 F.2d 799, 805 (5th Cir. 1992). Morris has not shown that the statute of limitations has eradicated his rights or frustrated policies created by federal law, nor that exceptional circumstances otherwise exist. As the Magistrate Judge explained, Morris' prior civil action was not a necessary prerequisite to bringing a separate lawsuit concerning the events of January 14, 2010. Thus, it did not toll the limitations period, which period expired on March 31, 2012. Morris signed the present lawsuit on January 23, 2014, which is well outside of the limitations period. His objections are without merit.

## Conclusion

The Court has conducted a careful *de novo* review of the pleadings and records in this case, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are **OVERRULED** and the Report of the Magistrate Judge (docket no. 12) is ADOPTED as the opinion of the District Court. It is further

**ORDERED** that the Defendants' motion to dismiss (docket no. 8) is hereby **GRANTED** and the above-styled civil action is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that the Clerk shall transmit a copy of this opinion to the Administrator of the Strikes List for the Eastern District of Texas. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

 **It is SO ORDERED.**

 **SIGNED this 10th day of September, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE